

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS
F. #2019R01431

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 13, 2023

By ECF

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Chang Xu
                  Criminal Docket No. 19-335 (ENV)

Dear Judge Vitaliano:

      The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for July 21, 2023 at 12:00 p.m. For the reasons set forth below, the government submits that a sentence within the applicable United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 37 to 46 months in custody is reasonable and appropriate in this case.

I.    Facts

      On June 8, 2019, Customs and Border Protection ("CBP") intercepted a package being shipped from Germany to Flushing, Queens. Presentence Investigation Report ("PSR") ¶ 4. Upon examination, CBP determined that the package contained approximately eight kilograms of 3,4-methylenedioxymethamphetamine ("MDMA"). See id. On June 20, 2019, law enforcement conducted a controlled delivery of the package, which was accepted by the defendant. See id. ¶¶ 5-6. The defendant was placed under arrest and consented to a search of his phone. See id. ¶ 6. Law enforcement found on the phone communications from co-defendant Feng Jiang in which he instructed the defendant what to do when he received the package and showed that Jiang planned to pay the defendant $1,000. See id.

      Several hours later, Jiang came to the defendant's residence to retrieve the package and the drugs. See id. ¶ 6. Jiang was arrested and was found to be in possession of

more than $3,000, including $1,000 that was kept separately for payment to the defendant. See id. ¶ 7.

On July 18, 2019, the defendant was indicted for conspiracy to import MDMA (Count One), importation of MDMA (Count Two), conspiracy to distribute and possess with intent to distribute MDMA (Count Three), and attempted possession of MDMA with intent to distribute (Count Four). See ECF Dkt. No. 19. On January 10, 2020, the defendant pleaded guilty to Count Three of the indictment. See ECF Dkt. No. 33

II.   Guidelines Calculation

The government submits that the following Guidelines calculation should be applied:

| | | |
|---|---|---:|
| | Base Offense Level (§§ 2D1.1(a)(5), (c)(4)) | 30 |
| Less: | Safety Valve (§ 2D1.1(b)(18)) | -2 |
| Less: | Minimal Role (§ 3B1.2(a)) | -4 |
| Less: | Acceptance of responsibility | <u>-3</u> |
| Total: | | <u>21</u> |

Based on an offense level of 21 and a Criminal History Category of I, the defendant is subject to an advisory Guidelines range of 37 to 46 months in custody.

This Guidelines calculation differs from the calculation set forth in the PSR in that the PSR does not apply a reduction for the safety valve. See PSR ¶¶ 10. The government agrees with the defendant that the safety valve is applicable because the defendant has satisfied the requirements of U.S.S.G. § 5C1.2, including by truthfully providing to the Government all information and evidence the defendant had concerning the offense. See U.S.S.G. § 5C1.2(a)(5).

III.   Argument

The applicable Guidelines range accurately reflects the seriousness of the defendant's conduct in smuggling almost eight kilograms of MDMA into the United States and appropriately takes into account the defendant's minimal role and post-arrest truthfulness. See 18 U.S.C. § 3553(a)(1), (a)(2)(A).

A sentence within the Guidelines range will also provide adequate deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(2)(B). Even those with small roles in the drug trade need to see that their participation in such conduct can have serious consequences for themselves and their families. In addition, a sentence within the Guidelines range will appropriately deter the defendant himself from further involvement in

the drug trade.  See id.  Notably, the defendant had previously been arrested for involvement in drug trafficking, which case was still open at the time of the instant offense (see PSR ¶ 37), but had not been adequately deterred from continuing such conduct.

The defendant argues that a time-served sentence is appropriate in light of his personal circumstances, the potential collateral consequences of his conviction, his role and his truthful post-arrest statement to law enforcement.  The government notes, however, that aside from his more minor role and his more immediate truthfulness, the defendant is similarly situated to his co-defendant Jiang.  While Jiang was above Xu in the conspiracy, he was nevertheless a fairly minor player in the overall scheme, as the government acknowledged in advocating for a minor-role reduction for Jiang.  See ECF Dkt. No. 38 at 3.  In addition, while Jiang was not truthful in his post-arrest interview (and in fact attempted to obstruct the investigation by wiping his phone), he ultimately provided truthful information to the government and like the defendant received a safety-valve reduction.  On those facts, Jiang received a 48 month sentence.  The government agrees that a lower sentence for the defendant is appropriate, as reflected in the Guidelines — indeed, any within-Guidelines sentence would be below Jiang's sentence.  But a variance to little or no incarceration for the defendant would ignore the seriousness of the offense and the need for deterrence, would place undue weight on the defendant's role and post-arrest truthfulness and would be an unwarranted sentencing disparity.[1]

Accordingly, the Guidelines sentencing range is sufficient, but not greater than necessary, to achieve Section 3553(a)'s purposes.

V.      Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of

---

[1] Jiang, like the defendant, attributed his conduct partly to his own ketamine abuse.  See ECF Dkt. No. 36 at 4.  Unlike the defendant, however, Jiang had not previously been arrested for a drug-related offense.  In addition, Jiang's incarceration at the MDC from 2019 to 2021 included the worst of the COVID-19 pandemic, a factor the Court explicitly considered in reducing Jiang's sentence, which is inapplicable here.

3

sentencing, see 18 U.SC. § 3553(a)(2), which, in this case, is within the applicable Guidelines range of 37 to 46 months in custody.

          Respectfully submitted,

          BREON PEACE
          United States Attorney

By:   /s/ Jonathan Siegel
      Jonathan Siegel
      Assistant U.S. Attorney
      718-254-6293

cc:   Clerk of the Court (ENV) (by ECF)
      Nora K. Hirozawa, Esq. (by ECF and e-mail)
      Frank Nikolaidis, United States Probation Officer (by e-mail)